UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LINDA INFELISE as Personal Representative of the Estate of SALVATORE INFELISE,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA; and UNKNOWN JOHN DOES AND JOHN DOE CLINICS,<br><br>Defendants. | CAUSE NO.<br><br>COMPLAINT FOR MEDICAL NEGLIGENCE |

## I.   PARTIES

1.1   Linda Infelise is the wife and Personal Representative of the Estate of Salvatore Infelise. At the time of negligence, plaintiffs resided in Sedro-Woolley, Skagit County, Washington.

1.2   Defendant United States of America is named on the basis of the determination pursuant to 28 U.S.C. Sec. 2671 that VA Puget Sound Health Care System and its physicians, employees, and agents are employees and agents of the Government.

COMPLAINT FOR MEDICAL NEGLIGENCE - 1

HOLMAN LAW PLLC
The Holman Building
4041 Ruston Way, Suite 101
P.O. BOX 1338
Tacoma, WA 98401-1338
T 253.627.1866  F 253.627.1924

1.3   Plaintiffs allege that there may be other health care providers, persons, or entities whose negligence contributed to Plaintiff's injuries and damages, but whose identity is not now known and who are referred to herein as Unknown John Does. Plaintiffs request that these pleadings be amended to reflect the true identities of these Defendants if and when they are identified.

1.4   Plaintiffs allege that there may be other Clinics, Corporations or Partnerships that employed individuals mentioned in the paragraphs above, such as to make these John Doe Clinics, Corporations or Partnerships responsible, whose negligence contributed to Plaintiff's injuries and damages, but whose identity is not now known and who are referred to herein as Unknown John Doe Clinics, Corporations or Partnerships. Plaintiffs request that these pleadings be amended to reflect the true identities of these Defendants if and when they are identified.

## II.   JURISDICTION AND VENUE

2.1   On September 4, 2014, Plaintiffs submitted a Claim for Damage, Injury, or Death Tort Claim form on all appropriate agencies (*See Exhibit 1, attached*). The VA Office of Regional Counsel in Seattle, WA, acknowledged that they received the claim form on September 8, 2014. As of this date, plaintiff has received no denial of the Federal Tort Claim, but the six months investigation period has since expired. Therefore, this Court has jurisdiction over the claims against the United States of America pursuant to 28 U.S.C. Sec. 2675(a).

2.2   Venue in this Court is proper pursuant to 28 U.S.C. sec. 1402(b).

COMPLAINT FOR MEDICAL NEGLIGENCE - 2

HOLMAN LAW PLLC
The Holman Building
4041 Ruston Way, Suite 101
P.O. BOX 1338
Tacoma, WA 98401-1338
T 253.627.1866 F 253.627.1924

### III. STATEMENT OF CLAIMS

3.1 On January 22, 2010, Mr. Infelise was seen at the Mount Vernon CBOC to establish care. His review of symptoms included complaints of hematuria on three occasions over the past month. A UA was performed which resulted in 9 RBCs/HPF.

3.2 Mr. Infelise was seen numerous times for various reasons unrelated to hematuria from July – October, 2011. A progress note from October 11, 2011, noted complaints of hematuria and a report of the urinalysis of January 22, 2010, was made. A urinalysis and microalbumin were ordered on this date, which showed positive for 3 RBC/HPF. No further workup from the January 2010 hematuria was performed.

3.3 On May 18, 2012, Mr. Infelise was seen and reported intermittent blood clots in his urine. No urinalysis was ordered. On June 19, 2012, another episode of hematuria was reported.

3.4 On July 9, 2012, urinalysis reported trace blood and a CT scan reported an irregular soft tissue mass in the upper pole collecting system of the right kidney. Renal calculi was also present in the left kidney.

3.5 In September of 2012, Mr. Infelise was found to have a low grade appearing cancer on the right kidney and nephrolithiasis on the left kidney. Stents were placed and later 75% of the right urothelial cancer was ablated.

3.6 In November of 2012, fulguration of the residual right upper pole urothelial cancer was performed but it was noted that the tumor may not have been completely removed.

COMPLAINT FOR MEDICAL NEGLIGENCE - 3

**HOLMAN LAW PLLC**
The Holman Building
4041 Ruston Way, Suite 101
P.O. BOX 1338
Tacoma, WA 98401-1338
T 253.627.1866 F 253.627.1924

3.7   In March of 2013 there was finding of recurrent right upper tract transitional cell cancer along with low grade bladder cancer. By May, widespread liver metastasis occurred.

3.8   Mr. Infelise succumbed to widely metastatic urothelial carcinoma on May 28, 2013.

3.9   Mr. Infelise had a significant history of smoking, was 65 years of age, and the ongoing reports of hematuria placed him at high risk for cancer of the urothelial tract. Despite the January UA results, the care Mr. Infelise received following reports of gross hematuria fall far below the standard of care.

3.10   More probable than not, the cancer was present in January of 2010. With a 2 ½ year delay, the cancer was much smaller, most likely a stage I, and curable with surgery at about 90%. The delay was due to the lack of investigation of gross hematuria in a high risk patient and such delay was the cause of Mr. Infelise's demise.

## IV.   CLAIMS AGAINST THE UNITED STATES OF AMERICA

4.1   As alleged above, the VA Puget Sound Health Care System and its employees are employees of the Government pursuant to 28 U.S.C. Sec. 2671. Therefore, the proper defendant in this matter is the United States of America.

4.2   *Medical Negligence.* Defendant United States of America, by and through is employees and agents, VA Puget Sound Health Care System, failed to exercise the degree of care, skill and learning expected of reasonably prudent heath care providers in the same profession or class in the State of Washington acting in the same or similar circumstances. Such conduct proximately caused severe injuries and damage

COMPLAINT FOR MEDICAL NEGLIGENCE - 4

HOLMAN LAW PLLC
The Holman Building
4041 Ruston Way, Suite 101
P.O. BOX 1338
Tacoma, WA 98401-1338
T 253.627.1866 F 253.627.1924

to plaintiff. Such conduct establishes claims under RCW 4.24, RCW 7.70 and other applicable law.

4.3   Negligence.   The VA Puget Sound Health Care system failed to exercise the degree of care, skill and learning expected of reasonably prudent health care providers in the same profession or class in the State of Washington acting in the same or similar circumstances. If the actions of defendant fall outside of these parameters, negligence has occurred.

4.4   Informed Consent.   Defendant United States of America, by and through VA Puget Sound Health Care System and its employees, breached its duty to inform plaintiff of all material facts, including risks and alternatives, which a reasonably prudent patient would need to make an informed decision on whether to consent to or reject proposed courses of treatment. This conduct proximately caused injury to plaintiff.

4.5   Corporate Negligence.   Defendant United States is liable under the doctrine of corporate negligence, WPI 105.02.02. Defendant Hospital owes an independent duty of care to its patients and has a duty to exercise the degree of skill, care, and learning expected of a reasonably prudent hospital. Defendant is responsible for all acts and omissions of its employees, agents, independent contractors and is responsible for adequate supervision of its staff members.

## V.   PROXIMATE CAUSE

5.1   The conduct of defendants herein was the proximate cause of plaintiff's injuries and damages as outlined below.

COMPLAINT FOR MEDICAL NEGLIGENCE - 5

HOLMAN LAW PLLC
The Holman Building
4041 Ruston Way, Suite 101
P.O. BOX 1338
Tacoma, WA 98401-1338
T 253.627.1866  F 253.627.1924

## VI. INJURIES AND DAMAGES

6.1 The acts and omissions of Defendants directly and proximately caused plaintiff to suffer death following severe and permanent injury, both mental and physical, pain and suffering, mental anguish, disability, and other elements of damages as allowed by law.

6.2 Mr. Infelise's widow, Linda Infelise, has a loss of consortium claim, including but not limited to loss of love and affection.

6.3 Plaintiff incurred out-of-pocket expenses, including but not limited to medical expenses, income loss, and other expenses in an amount that will be proven at trial.

WHEREFORE, having set forth their complaints, Plaintiffs request that the Court enter judgment against Defendants, jointly and severally, for all injuries and damages sustained by the Plaintiff in the amounts to be proven in trial, together with their reasonable costs and fees incurred herein, and such further relief as justice requires.

DATED this 26th day of August, 2015.

HOLMAN LAW, PLLC

James L. Holman, WSBA No. 06799
Jessica Holman Duthie, WSBA No. 43065
Attorneys for Plaintiff
COMPLAINT FOR MEDICAL NEGLIGENCE - 6

HOLMAN LAW PLLC
The Holman Building
4041 Ruston Way, Suite 101
P.O. BOX 1338
Tacoma, WA 98401-1338
T 253.627.1866 F 253.627.1924